## LAWRENCE Y. LEE *v.* GEORGE B. CAREY, DOING BUSINESS AS WHITE SEWING MACHINE AGENCY.

### No. 2621.

ARGUED JUNE 10, 1946. DECIDED JUNE 20, 1946.

KEMP, C. J., PETERS AND LE BARON, JJ.

OPINION OF THE COURT BY LE BARON, J.

This appeal pertains to the relationship of landlord and tenant existing between the appellee and appellant. For convenience the appellee is hereinafter referred to as "landlord" and the appellant as "tenant." Such relationship commenced when the landlord subleased to the tenant certain commercial premises in Honolulu. After the expiration date of the sublease, the tenant continued to occupy the premises, resisting efforts of the landlord to oust him and recover possession. As a consequence the landlord formally applied to the administrator for commercial rent control, requesting termination of tenancy and conversion of tenant's present use and occupancy of the premises to the proposed new use and occupancy by the landlord himself as set forth in his application. The ad-

ministrator duly heard the landlord's application and granted the request. From such determination the tenant appealed to the board of review for commercial rent control. After review, at which evidence was adduced, the board sustained the action of the administrator. The tenant appealed therefrom on points of law to the circuit judge at chambers who affirmed the decision of the board. From the circuit judge's decree of affirmance the tenant makes the instant appeal to this court, specifying and relying upon five alleged errors.

Relative to the fourth specification, the tenant does not argue it either orally or by brief nor present authorities to support it and hence is deemed to have abandoned it.

Of the remaining four specifications, the tenant orally argued but one, the first, which in the opinion of this court is the only one requiring serious consideration. It alleges that the circuit judge erred in affirming the decision of the board of review because the evidence adduced before it is insufficient as a matter of law to support the board's decision.

For a proper appreciation of the question so presented it is well to look at the legislation creating the board of review under which these proceedings were instituted and necessary to examine the duty it imposed upon the board as the trier of fact on appeal from the determination of the administrator. The legislation is known as the commercial rent control Act. (S. L. 1945, Act 69.) It continues the control of commercial rents throughout the Territory commenced by rule 105 (later amended by rule 109), issued by the governor of the Territory under authority of the Hawaii Defense Act reported in Revised Laws of Hawaii 1945, sections 13111 to 13139, inclusive. It does so upon findings and declaration of emergency "that there has arisen within this Territory a situation inimical to the economic life, health, and welfare of the

people, namely, a shortage of available space to meet the needs of the suddenly enlarged population, with little or no prospect of new commercial building during the present war" (S. L. 1945, Act 69, § 1); *i. e.*, a situation in which demand for commercial premises available for renting is so great and space so limited that pressure on rent levels is unduly increased, preventing normal bargaining between landlord and tenant, and wherein businesses operating at high speculative profit but serving no community needs are, by their ability to pay a higher rent, in a position to displace others serving community needs and forestall their offer of service. The legislative purpose primarily is to avert during the war emergency any disruption of service necessary to the community's welfare as well as to safeguard such service and encourage its continuance and increase. The legislation is thus addressed to a legitimate end, not for the advantage of particular individuals, but for the protection of basic interests of society. Pursuant thereto the legislation created an administrator and boards of review for commercial rent control. By section 6 of the Act it places upon the administrator and board the duty to compare the use and occupancy of the tenant with those proposed to be made or authorized by the landlord before terminating a tenancy of commercial premises, and requires the administrator and board to base their decision of termination upon relative community needs for the production and distribution of commodities and services as well as upon the provident utilization of supplies, materials and services, the criterion thereof pertinent to the granting of an application for change of use and occupancy, such as in this case, being referred to by the Act as that which is substantially set out in paragraph (3) of section 8 (b) of rule 105, *supra*. Such paragraph reads: "The application shall be granted if the prospective occupant proposes a new use which offers considerably bet-

ter service to the community than the use last licensed, in the light of community needs, provision already existing to meet such needs, the use for which the premises are best adapted, and the demand for premises for such last licensed use and such new use, and it appears that the prospective occupant will make full use of the premises for such new use."

The undisputed evidence adduced before the board of review is that tenant's present use and occupancy consists of two distinct types of businesses, one being the selling of displayed curios and souvenirs and the other the selling of sewing machine parts and taking of orders for the repair of sewing machines to be collected elsewhere and repaired at tenant's warehouse situated apart from the commercial premises, and that landlord's new use and occupancy would consist entirely of a restaurant and lunch counter business. The evidence is in conflict, however, in regard to the proportion of the tenant's present use and occupancy to which is devoted each type of business. The tenant testified that one third is devoted to the sewing machine parts and repair order business and two thirds to the curio and souvenir business. The administrator for commercial rent control testified that the entire area of the commercial premises is devoted to the display and selling of curios and souvenirs with the exception of a space equivalent to a small office and that the use of such area appears to be solely for the conduct of a curio and souvenir store without any display whatsoever of sewing machine parts. The tenant's opening brief as well as his oral argument in effect resolves this conflict in favor of the administrator's testimony by admitting that not more than fifteen square feet or less than one per cent of the total area of fourteen hundred square feet is used and occupied by him for the purpose of selling sewing machine parts and the taking of repair orders, the major part or

more than ninety-nine per cent being used for the purpose of displaying and selling curios and souvenirs. Indeed, tenant concedes that the entire stock of his sewing machine parts could be stored in a small trunk so as not to occupy any of the premises' floor space.

The issue before the board of review was whether the tenant's present use and occupancy taken as a whole should be changed or converted completely to the new ones proposed by landlord, no issue having been raised below and none on appeal with respect to any modification of either. Such being the issue and state of the record, it is abundantly clear that even a cursory comparison of the opposing uses and occupancies would disclose that the tenant's is substantially those for a curio and souvenir business having little or no community service, whereas the landlord's would be for a restaurant and lunch counter business of considerable community service. As a matter of fact the board did make comparison and the evidence would have warranted as the basis of its decision findings that the relative community needs for the production and distribution of commodities and services involved in tenant's present use and occupancy are greatly outweighed by those in the landlord's new use and occupancy; that such new use would offer "considerably better service to the community" than tenant's in the light of the considerations expressed in paragraph (3) of section 8 (b) of rule 105, *supra*, it concededly appearing that landlord will make full use of the commercial premises to conduct a business essential to community service, whereas tenant makes use of but a small fractional part for such purpose; that the relatively little community service by the use of such fractional part is capable of being offered at tenant's warehouse though its location may not be as convenient to the general public as that of the premises in controversy; that the provident utilization of supplies, materials and services

for community needs would be promoted equitably by ouster from the commercial premises of tenant's curio and souvenir business, by transfer of his sewing machine parts and repair order business to his present place of repair, and by the installation in the commercial premises of landlord's proposed restaurant and lunch counter business, the net result of the dispositions being that the community would lose by the ouster only that which is of little or no service but, while it would suffer by the transfer a possible impairment of the service offered by the use of a small fractional part of the premises, it would gain by the installation a new and important service. That these findings would be warranted demonstrates that the evidence is sufficient as a matter of law to support the board's decision and justifies its affirmance by the circuit judge. Tenant's first specification is therefore without merit.

The tenant's remaining three specifications deal respectively with (a) an alleged ruling by the circuit judge which the record does not reveal as having been made, (b) an alleged failure by the board of review and the circuit judge to consider a change of economic situation occurring between the time of the filing of landlord's application and that of the board's hearing, which the tenant neither urged nor offered to prove below but does for the first time on appeal, and (c) a consideration by both the board and circuit judge of the benefits to the community of the new use and occupancy proposed by landlord, which consideration this court finds to have been entirely proper. None of the tenant's specifications in our opinion is meritorious or worthy of further consideration.

The decree of the circuit judge is affirmed.

*P. Cass* (also on briefs) for respondent-appellant.

*W. Wight* (*P. A. Lee & W. Wight* on brief) for applicant-appellee.